FILED
2010 Sep-13 AM 09:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RANDALL SWANNER,            )<br>                             )<br>    Plaintiff,               )<br>                             )<br>    v.                       )<br>                             )<br> MICHAEL J. ASTRUE,           )<br> Commissioner of Social Security, )<br>                             )<br>    Defendant.               )  | CIVIL ACTION NO. 09-G-1837-NE |

## **MEMORANDUM OPINION**

The plaintiff, Randall Swanner, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### **STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Bloodsworth</u>, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ, Randall C. Stout, signed for by ALJ Patrick J. Digby, must be reversed and the action remanded for further development of the record.  The ALJ found that the plaintiff's "history of L5-S1 spinal fusion" is considered 'severe,'" but that he did not suffer from a listed impairment.  [R. 22-23].

On March 16, 2007, the plaintiff underwent an MRI of the lumbar spine, which showed disc dessication at all levels.  [R. 159].  Specifics include:

> T12-L1:  Facet arthropathy; no significant disc herniation, central canal or neuroforaminal narrowing.
>
> L1-L2:  Facet arthropathy; no significant disc herniation, central canal or neural foraminal narrowing.
>
> L2-L3:  Facet arthropathy; no significant disc herniation, central canal or neural foraminal narrowing.
>
> L3-L4:  Concentric disc bulge and facet arthropathy; no significant central canal or neural foraminal narrowing.
>
> L4-L5:  Broad based concentric disc bulge with mild facet arthropathy.  No significant central canal narrowing.  Mild to moderate left neural foraminal narrowing and no significant right neural foraminal narrowing.  Please clinically correlate for possible left L4 nerve root radiculopathy.
>
> L5-S1:  Within normal limits.

[R. 159].  Candice Wilson, M.D., the radiologist, had the impression of "multilevel

degenerative disc disease as described with possible left L4 nerve or radiculopathy. Transitional vertebral body at L5.  Multilevel facet arthropathy." [R. 160].

On July 16, 2007, the plaintiff's treating orthopedic surgeon, Morris Seymour, M.D., performed an anterior interbody fusion of L5-S1, diskectomy at L5-S1 with foraminotomy, insertion of an interbody fusion cage at L5-S1, and anterior lumbar plating at L5-S1.  [R. 166].  On July 24, 2007, Dr. Seymour saw the plaintiff for follow up.  "He is still having some back discomfort."  [R. 176].  X-rays showed the graft was well seated at L5-S1, and the hardware was well positioned. [Id.].  Dr. Seymour thought the plaintiff was doing well, although he did not need to do any heavy lifting. [Id.].  Dr. Seymour cautioned the plaintiff against smoking as it interferes with bone healing. [Id.].

Although he was to be seen back in a month, the plaintiff canceled appointments on August 21, September 4, and September 18, 2007.  [R. 184].  Dr. Seymour did see the plaintiff on September 25, 2007, and noted:

> He is still having some back discomfort and some numbness in his right thigh.  He states that his left leg pain is much improved.  He complains of discomfort up into the thoracolumbar area really posteriorly.
>
> On my exam he is exquisitely tender at the thoracolumbar area and has some muscle spasms noted.

[R. 186].  Dr. Seymour's impression was status post lumbar fusion:

> I think he is doing well.  His fusion appears to be consolidating.  I think from a surgical aspect he is doing well.  <u>I think that therapy may be advantageous.  He states that he does not need therapy and he just requests Percocet</u>.  I discussed with him that we are not going to continue Percocet on a prolonged basis as I do not think this is in his ultimate best interest.  I

>discussed with him that we will give him pain medicine to get him over the pain of the operation and <u>I think that at this point eight weeks postoperatively the majority of this has subsided</u>. I gave him a prescription for Lortab 5 today and I will see him back in six weeks.

[R. 186](emphasis added).

The plaintiff was not examined by any consulting physician, whether at the behest of the Commissioner or by his own attorney. No functional capacities evaluation was performed by any treating or examining physician. Instead, the ALJ gave great weight to the Residual Functional Capacity (RFC) completed October 2, 2007, by the State Agency "medical consultant," Richard Schmidt, who opined that the plaintiff's "alleged symptoms are mostly credible now but should significantly improve with[in] 12 months." [R. 194-201].

This court, and neither should the ALJ, succumb "to the [forbidden] temptation to play doctor and make [his] own independent medical findings." <u>Rohan v. Chater</u>, 98 F.3d 966, 970 (7th Cir. 1996). Because of the Commissioner's duty to develop the medical record fully and fairly "it is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." <u>Holladay v. Bowen</u>, 848 F.2d 1206, 1209 (11th Cir. 1988)(quoting <u>Reeves v. Heckler</u>, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (internal quotation marks omitted). In the present case, the ALJ's failure to fully develop the record regarding the plaintiff's condition and to order a consultative examination by a specialist prevented him from making an informed decision.

On remand, the Commissioner shall properly develop the record concerning the plaintiff's condition, to include ordering a consultative examination by a neurosurgeon to determine whether the plaintiff has failed back syndrome, and, if so, how his condition impairs his ability to work.[1]  Such examination and evaluation shall be conducted within 90 days of this court's decision.

On remand, the Commissioner shall consider the combined impact of all his impairments.  When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

After fully and fairly developing the record regarding the plaintiff's back problems and the effect of the combination of the plaintiff's impairments, the Commissioner also shall elicit testimony from a vocational expert about the impact of the plaintiff's combination of impairments on his ability to work.

---

[1] The plaintiff's treating orthopedic surgeon stated that he thought the plaintiff would benefit from physical therapy.  [R. 186].  The Commissioner shall also consider whether the plaintiff's unwillingness to undergo physical therapy is a failure to follow prescribed treatment.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 13 September 2010.

                                         UNITED STATES DISTRICT JUDGE
                                                J. FOY GUIN, JR.